■ In the Matter of JEFFREY BENTLEY, Appellant, v MARGARET BENTLEY, Respondent. — Appeal from an order of the Family Court of Warren County (Katz, J.), entered December 26, 1980, which modified its prior order of visitation so as to prohibit petitioner from instructing the parties' children in the teachings of the Jehovah's Witnesses and from taking said children to the sect's religious or social functions during his periods of custodial visitation. This appeal arises from a petition initiated by Jeffrey Bentley seeking to hold

his former wife in contempt for her refusal to permit visitation with the parties' two children in accordance with the divorce decree of August, 1978, as modified by a Family Court order of January 15, 1980 granting petitioner custodial visitation with the children for a two-week period each summer. Family Court found that the wife did not violate its prior visitation order and additionally modified its prior order by ordering petitioner to refrain from instructing his children in the teachings of the Jehovah's Witnesses and to refrain from taking them to religious or social activities of the sect. The Family Court found that the children were "emotionally strained and torn" as a result of the parties' conflicting religious beliefs. The custodial mother is Catholic and the noncustodial father is a Jehovah's Witness. On appeal, petitioner contends that the court erred in denying him the right to instruct his children in his religion and that, under the circumstances, it should have remained neutral. It is contended that the Family Court's "intrusion" violates his First Amendment right to the free exercise of his religion. The Family Court's order should be affirmed. As a general rule, it is the custodial parent who is the appropriate person for determining the religious upbringing of the children. We conclude that the court would be intruding on petitioner's First Amendment rights were it to enjoin the noncustodial parent from discussing religion with his child absent a showing that the child will thereby be harmed. In the instant matter, the record amply supports the court's finding that the children were being "harmed" by petitioner's actions in instructing and involving them in the teachings of the Jehovah's Witnesses. The "best interests" of the children is the threshold consideration in a custody proceeding (Domestic Relations Law, § 240; *Matter of Nehra v Uhlar*, 43 NY2d 242, 246). The Family Court was well within its broad discretionary power in reaching its determination that the best interests of these children dictate that they be reared in only one religion. We find also without merit petitioner's contention that he was denied due process by the Family Court's refusal to allow cross-examination of the Law Guardian concerning his interviews with the two children. The record discloses that petitioner made no objection to this ruling and failed to preserve the issue for review. We note, however, that the interviews are privileged since the relationship of the Law Guardian and the children is one of "attorney-client" and, as such, is not subject to cross-examination. Order affirmed, without costs. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Levine, JJ., concur.