■ STATE OF NEW YORK, Appellant, v TRAC-MACHINERY CORPORATION, Respondent. — Appeals (1) from an order of the Supreme Court at Special Term (Hughes, J.), entered June 4, 1981 in Albany County, which denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered August 26, 1981 in Albany County, which denied plaintiff's motion to, *inter alia,* renew and reargue its prior motion for summary judgment. Orders affirmed, without costs, on the opinion of Mr. Justice Harold J. Hughes at Special Term. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.

■ CAROL A. ROMANO, Appellant, v JOSEPH F. ROMANO, Respondent. — Appeal from an amended judgment of the Supreme Court, entered December 21, 1981 in Rensselaer County, upon a decision of the court at Trial Term (Prior, Jr., J.), The present action is one for divorce. Following a trial, Trial Term granted a divorce to plaintiff, awarded custody of the parties' child, Jennifer Ann, to plaintiff, and awarded visitation to defendant. Plaintiff's sole argument upon appeal is that Trial Term abused its discretion by awarding overnight visitation rights to defendant. Specifically, Trial Term directed that defendant have the following visitation rights: "(a) a full weekend, from Friday at 5:00 P.M. to Sunday at 10:00 P.M., out of every two weekends; (b) a full evening, from 5:00 P.M. to 10:00 P.M. every week; (c) alternating holidays, Thanksgiving, Christmas, and Easter from 9:00 A.M. to 11:00 P.M.; (d) 16 days of vacation every year." It is settled that the best interests of the child is the threshold consideration in a case such as this (Domestic Relations Law, § 240; *Matter of Bentley v Bentley,* 86 AD2d 926). In this regard, a review of the record indicates that Trial Term was well within its discretionary power in reaching its determination with respect to visitation. Judgment affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.