■ MICHAEL WOLFSON, Appellant, v HEDY MINERBO, Respondent. — Order of the Family Court, New York County (Leah R. Marks, J.), entered April 25, 1984, dismissing the supplemental

petition, modified, on the law, the facts and in the exercise of discretion to direct the parties to resume counseling by the Jewish Family Counseling Services, or such other counseling agency deemed appropriate by the Family Court, and directing petitioner to pay to Jewish Family Counseling Services all arrears in charges due to it as a consequence of past counseling as well as all charges which may become due for counseling to be conducted in the future, and is otherwise affirmed, all without costs.

The parties were married in 1971. In February 1982, they entered into a separation agreement pursuant to which petitioner agreed to pay to respondent the sum of $600 per month for support of the three children of the marriage. In return, petitioner was to have the right to visit the children on Sunday of each week and at other times mutually agreeable. A divorce followed in April 1982.

In August 1982, a violent altercation took place between the parties over the attempted removal of certain property from respondent's place of residence. Apparently, the children were witnesses to the scene. Thereafter, they refused to see their father. By petition dated in November 1982, the father applied to the Family Court for reasonable visitation rights. The court, of the opinion that the refusal of the children to see the father might have been from "brainwashing" by the mother, directed that the parties and the children submit to counseling by Jewish Family Counseling Services and that the father pay the costs therefor. It also provided that if the mother failed to cooperate or failed to bring the children to sessions as required by Jewish Family Counseling Services, support payments were to be terminated.

In January 1983, the parties appeared separately at Jewish Family Counseling Services for intake purposes. They were told that they would be notified of the counseling sessions. While the sequence of events is not entirely clear, counseling commenced. The mother and children appeared at the first session. Three other sessions were held at which only the mother attended. The father never attended. He asserts that he never received notice of the sessions.

In the interim, the father initiated a proceeding to terminate support payments, allegedly on the ground that the mother failed to cooperate.

After the conclusion of the four sessions with the mother, one of which the children attended, a hearing was held on the initial petition and the petition to terminate support for the children

(both designated as the supplemental petition). At its conclusion, the court denied the supplemental petition and the father appeals.

It is obvious from the record that, at this time, neither party has sought to participate with a view to offering the counseling process a chance of success. Though facially the mother has appeared to cooperate, it is apparent that she has done so solely for the purpose of continuing her right to child support. The father is, equally obviously, seeking to use counseling as a means of terminating his obligation to support. In sum, the entire process thus far has been a charade. In these circumstances, we think it appropriate to insist that there be a meaningful effort by both parties to participate in the counseling process so that a reasonable relationship can be reestablished between father and children.

A further word is necessary. After the counseling services were terminated, Jewish Family Counseling Services billed petitioner for the services rendered in accordance with the order of the Family Court. Petitioner paid part of the bill, but refused to pay the remainder, contending that it was excessive. We find this claim unpersuasive. The entire bill was $140. This was entirely reasonable for the intake process and the four counseling sessions with respondent, one of which included the children. Accordingly, we direct that the balance be paid. Further, we direct that petitioner pay for all future counseling sessions. Concur — Sandler, J. P., Bloom, Fein and Milonas, JJ.