■ Soraya E. Lebovich, Respondent, v James W. Wilson, Also Known as James W. Willson, Appellant.—Order, Family Court, New York County (Bruce Kaplan, J.), entered on or about May 9, 1989, unanimously affirmed, without costs, for reasons set forth in the well-reasoned opinion.

As the Family Court observed, the psychiatrist's report noted that the child was placed under such emotional strain by the parents' conflict, which centers around religion, that it inhibited her ability to talk to either one of them. In addition, the court found the child's telephone call to the psychiatrist made from the father's home, an "unmistakable indication of [the father's] overreaching" which "[took] advantage of her youth and lack of insight, by subjecting her to undue pressure". The record amply supports the court's conclusion that any more participation in the father's religion than that permitted by the order appealed from could lead to strain and conflict and would be harmful to the child. (See, Matter of Bentley v Bentley, 86 AD2d 926.)

To a great extent the court's findings turned on its assess-

ment of the parties' credibility, with which we should not interfere. The order struck a proper balance between the custodial parent's right to determine the religious training of the child *(see, Stevenot v Stevenot,* 133 AD2d 820) and the First Amendment rights of the noncustodial parent *(see, Matter of Bentley v Bentley,* 86 AD2d 926, *supra).* Moreover, the order was mindful of the child's wishes and of the value of teaching the child to respect the religion of the noncustodial parent *(see, Matter of Romano v Romano,* 54 Misc 2d 969, 973). Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.