■ In the Matter of PETER A. WEIL, Appellant, v MARY CLAVERING, Respondent. [627 NYS2d 92] —In a visitation proceeding pursuant to Family Court Act article 6, the petitioner father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Hall, J.), entered July 16, 1993, as (1) directed him not to involve the child in any religious activity without the consent of the respondent mother, (2) failed to grant him visitation to the extent he had requested, including Friday nights and Jewish holy days, and (3) directed him to pay the respondent mother's counsel fees in the amount of $7,500.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner and the respondent are the parents of Alex Peter Clavering, who was born in June 1991, after his parents had ended their nonmarital relationship. A two-day hearing was held in the Family Court after efforts to negotiate a settlement regarding visitation were unsuccessful. Among the contested issues were the length of the weekend visits, since the petitioner's demands would have prevented the respondent from taking Alex, not yet two years old at the time of the hearing, to mass on Sundays. Although the petitioner is Jewish, he acquiesced in the respondent's decision to raise Alex in her faith, Roman Catholicism.

The petitioner's contention that the court's order infringes upon his own constitutional rights is without merit, since prohibiting him from involving Alex in any religious activity without the respondent's consent does not interfere with his own religious practices *(see, Barran v Nayyar,* 174 AD2d 1012; *Lebovich v Wilson,* 155 AD2d 291; *Matter of Bentley v Bentley,* 86 AD2d 926; *cf., Kadin v Kadin,* 131 AD2d 437).

Although the visitation schedule established by the court is not as extensive as the petitioner had requested, there is nothing in the record that suggests any reason for this Court to disturb the Family Court's determination *(see, Eschbach v Eschbach,* 56 NY2d 167). Certainly, the petitioner, as the noncustodial parent, has a right to reasonable visitation *(see, Weiss v Weiss,* 52 NY2d 170; *Twersky v Twersky,* 103 AD2d 775). The schedule fashioned by the court is consistent with

the recommendations of the Law Guardian *(cf., Koppenhoefer v Koppenhoefer,* 159 AD2d 113). It also ensures that the respondent will be able to take Alex to Sunday mass.

Moreover, the court did not improvidently exercise its discretion in awarding counsel fees to the respondent *(see, De-Cabrera v Cabrera-Rosete,* 70 NY2d 879, 881). Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.