■ In the Matter of DANIEL JIMINEZ, Respondent, v MAUREEN JIMINEZ, Appellant. [754 NYS2d 702] —Crew III, J.P. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 10, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties were married in 1997 and have a daughter, who

was born in 1998. In October 1999, petitioner relocated to New York City to pursue an employment opportunity and, in the months that followed, commuted to Broome County on weekends to see his daughter. A dispute thereafter arose regarding the extent of petitioner's visitation with the child and, in January 2001, petitioner commenced this proceeding seeking to establish a visitation schedule. Inasmuch as there was no custody order in place, Family Court apparently treated the matter as a custody application and awarded temporary sole custody of the child to respondent with alternate weekend visitations to petitioner at his parent's home in New York City.

Following a court appearance on April 27, 2001, respondent apparently attempted to persuade petitioner's attorney to draft papers granting petitioner sole custody of the child. When that effort failed, respondent sent a notarized letter to Family Court advising the court that she voluntarily was relinquishing full custody to petitioner effective immediately. Later that day, when petitioner encountered respondent and the child on the street, respondent told petitioner to take the child and thereafter walked to her car and drove away. In response, Family Court issued another order, this time granting temporary custody to petitioner with alternate weekend visitations to respondent.

Respondent thereafter answered and cross-petitioned for sole custody. At the conclusion of the hearing that followed, Family Court awarded custody of the child to petitioner finding, inter alia, that while both parties were capable of providing for the child's daily needs, petitioner demonstrated a greater bond with the child and was, in the court's view, more likely and more willing than respondent to nurture the child's relationship with the noncustodial parent. This appeal by respondent ensued.

We affirm. As a starting point, we reject respondent's contention that Family Court applied the incorrect legal standard in resolving the underlying custody dispute. Inasmuch as there was no prior custody order in effect at the time this proceeding was commenced, Family Court properly treated this as an initial custody determination (see Webster v Webster, 283 AD2d 732, 732-733) and, hence, the "sufficient change in circumstances" standard upon which respondent relies is inapplicable.

Turning to the merits, we cannot say that Family Court's decision to award custody to petitioner lacks a sound and substantial basis in the record as a whole. In this regard, Family Court was faced with the difficult task of awarding custody to one of two less than model parents. Although each party

was gainfully employed at the time of the hearing and, as Family Court observed, capable of providing for the child's daily needs, each also demonstrated significant animosity toward the other and, to that end, attempted to portray each other in the most unfavorable light possible. Indeed, respondent devoted so much of her testimony to sullying petitioner's reputation that Family Court was left with little evidence of respondent's relationship and/or bond with the child. As to each party's ability to place their child's needs above their own, neither fared particularly well in this category. Regardless of respondent's motivation for relinquishing custody of the child to petitioner, the manner in which she went about it—leaving the child on a street corner with petitioner and driving away—was entirely inappropriate. Petitioner's conduct following this exchange was equally disconcerting, as the record suggests that when faced with the prospect of being a full-time single parent, he essentially begged respondent to reconsider and reclaim custody of the child. Nonetheless, as Family Court noted, petitioner thereafter undertook efforts to secure appropriate housing and schooling for the child and, through his testimony, demonstrated a sincere commitment to parenting the child and a willingness to foster a positive relationship between the child and respondent. Based upon the totality of the circumstances and due consideration of the parties' respective strengths, weaknesses and abilities (*see Matter of Bates v Bates,* 290 AD2d 732, 732-733), we are persuaded that it indeed was in the child's best interest to award custody to petitioner. Accordingly, Family Court's order is affirmed.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.