■ In the Matter of SUSAN MORROW, Respondent, v LOREN MORROW, Appellant. (And Five Other Related Proceedings.) [769 NYS2d 651]—

Crew III, J.P. Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered May 27, 1999, which, inter alia, granted petitioner's application, in six proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties were married in 1991 and are the parents of a child born in 1993. Following the parties' separation in 1998, and insofar as is relevant to this appeal, petitioner filed for custody of the child and respondent cross-petitioned for similar relief. Petitioner was awarded temporary custody of the child pending a hearing. At the conclusion of that hearing, at which petitioner and respondent appeared and testified, Family Court awarded legal and physical custody of the child to petitioner with visitation to respondent. This appeal by respondent ensued.*

We affirm. As a starting point, we reject respondent's assertion that Family Court applied the incorrect legal standard in resolving this custody dispute. While it is true, as respondent asserts, that petitioner signed an agreement awarding custody of the minor child to him, petitioner testified that she executed that agreement under duress and, in any event, the parties' agreement was not reduced to a court order. As there was no prior custody order in effect at the time this proceeding was commenced, the "sufficient change in circumstances" analysis did not apply and Family Court properly treated this matter as a de novo custody application (*see Matter of Jiminez v Jiminez*, 301 AD2d 971, 972 [2003]). Nor are we persuaded that Family Court's extensive incorporation of the court-appointed social worker's mental health evaluation of the parties evidenced an abdication of its fact-finding role. Even a cursory review of the record and the court's written decision reveals that numerous considerations entered into Family Court's resolution of this matter, including the testimony of the parties and the Law Guardian's recommendation.

Turning to the merits, we cannot say that Family Court's decision to award custody of the child to petitioner lacks a sound and substantial basis in the record. Here, Family Court was confronted with two less than perfect parents, each of whom raised a host of allegations regarding the other's perceived failings as an appropriate role model for their child. Petitioner portrayed respondent as a domineering, controlling and emotionally abusive individual who was indifferent to his child's educational needs and who stifled the child's social development. Respondent, on the other hand, plainly believing himself to be the superior parent, steadfastly insisted that petitioner's alleged history of alcohol abuse, her previous hospitalizations for depression and her then current use of antidepressants rendered her unfit to raise their son. In short, Family Court was faced with the difficult task of sorting through the parties' al-

---

* Respondent's motion for a stay pending appeal was denied.

legations, evaluating their credibility as witnesses and historians and, ultimately, determining what custodial arrangement was in the child's best interest.

Inasmuch as Family Court had the opportunity to evaluate the parties' demeanor first hand, we are not inclined to disturb the court's resolution of this matter. Despite respondent's protestations to the contrary, the record reflects that petitioner's psychiatric condition is under control with prescription medication and counseling and does not impair her ability to effectively parent the parties' child and, further, that a relapse is unlikely. Nor does the record support respondent's claim that petitioner's religious beliefs would interfere with the child receiving appropriate medical care. Finally, although respondent plainly loves his son, petitioner appears to be more responsive to the child's emotional needs and more receptive to recommendations for services made on the child's behalf. Accordingly, we are of the view that Family Court appropriately granted petitioner's application for custody. Respondent's remaining contentions, including his assertion that Family Court improperly denied a request for an adjournment and/or violated respondent's constitutional rights, have been examined and found to be lacking in merit.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.