In the Matter of LOIDA BOOTH, Appellant, v RONALD BOOTH, Respondent. RONALD BOOTH, Respondent, v LOIDA BOOTH, Appellant. [778 NYS2d 643]—

Appeal from an order of the Family Court, Steuben County (Marianne Furfure, J.), entered March 7, 2003. The order awarded sole custody of the children to the father and visitation to the mother.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner-respondent, Loida Booth (petitioner), and respondent-petitioner, Ronald Booth (respondent), each filed a petition seeking custody of their three children. The custody determination of Family Court, which had the opportunity to evaluate the demeanor of the parties and other witnesses, is entitled to great deference (see Matter of Gabriela, 283 AD2d 983, 984 [2001], lv denied 96 NY2d 721 [2001]; Matter of Paul C. v Tracy C., 209 AD2d 955, 956 [1994]). We conclude that the court's award of sole custody to respondent is supported by a sound and substantial basis in the record (see Mat-

*ter of Green v Mitchell,* 266 AD2d 884 [1999]). "The court carefully weighed and considered the appropriate factors in determining that custody to respondent was in the children's best interests" (*Paul C.,* 209 AD2d at 956).

The testimony established that, although petitioner was the primary caretaker of the children from their birth until the parties separated, she has been diagnosed with depression and paranoia and currently receives disability income for that mental condition. Petitioner, however, refused to acknowledge that diagnosis or to obtain treatment for her mental condition through counseling or medication (*see Matter of Gonya v Gonya,* 298 AD2d 636, 637 [2002]; *cf. Matter of Morrow v Morrow,* 2 AD3d 1225, 1227 [2003]). Although a psychiatrist who evaluated petitioner at the request of her attorney testified that he found no evidence of a "major mental disorder," he conceded that he had not reviewed petitioner's past medical records and that access to those medical records might affect his opinion. Even assuming that petitioner was not suffering from depression or paranoia at the time of the custody trial, we cannot conclude that a relapse seems unlikely, given the fact that she is not currently treating with anyone or taking medication and does not acknowledge her mental condition (*cf. Morrow,* 2 AD3d at 1227).

The testimony further established that respondent was an appropriate caretaker of the children. As the court properly noted, although there was testimony that he would yell at his children, there was no testimony or evidence that he physically abused them. The court found that there was one incident of domestic violence when respondent grabbed petitioner, used obscene and abusive language, and prevented her from calling the police. We agree with petitioner and the Law Guardian that the court was required to consider the effect of that incident upon the best interests of the children (*see* Domestic Relations Law § 240 [1] [a]). Based upon our review of the record, however, we nevertheless conclude that it was in the best interests of the children to remain with respondent, who had temporary custody of them at the time of trial, particularly in view of the testimony that the children were not upset after that incident occurred.

The court granted petitioner short periods of unsupervised visitation during the week and on alternating weekends, but ordered that, if petitioner wished to have overnight weekend visitation, such visitation would have to be supervised. Contrary to petitioner's contention, it is not in the best interests of the children to have unsupervised overnight weekend visitation with petitioner at this time. The court noted that petitioner

could seek to expand her visitation or to remove the supervision requirement if she sought and maintained contact with a mental health professional regarding her condition.

Finally, the court allowed petitioner, who is a Jehovah's Witness, to take her children to religious services with her but prohibited her from taking them with her when she stopped at the homes of strangers in various neighborhoods to teach others about her religion. Contrary to the contention of petitioner, the court did not thereby infringe upon her constitutional rights inasmuch as there was no interference with her own religious practices (*see Matter of Weil v Clavering*, 215 AD2d 766 [1995]; *Barran v Nayyar*, 174 AD2d 1012 [1991]). Contrary to the further contention of petitioner, the evidence established that it was not in the best interests of the children to accompany her to the homes of strangers. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.