■ In the Matter of SCOTT ARTIS, Respondent, v YOLANDA ARTIS, Appellant. [830 NYS2d 297]—

In related custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (MacKenzie, J.), dated October 17, 2005, which, after a hearing, awarded custody of the parties' children to the father and established a visitation schedule pursuant to the parties' stipulation.

Ordered that the appeal from so much of the order as established a visitation schedule is dismissed, without costs or disbursements, as no appeal lies from an order entered on the consent of the parties; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The best interests of the child are the essential consideration in making an award of custody (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Allain v Allain*, 35 AD3d 513 [2006]; *Matter of Perez v Montanez*, 31 AD3d 565 [2006]; *Matter of Canazon v Canazon*, 215 AD2d 652 [1995]; *Alanna M. v Duncan M.*, 204 AD2d 409 [1994]). Here, the court properly considered the relative stability and environment of both parties in making its custody determination.

The Family Court's decision to conduct an in camera interview of only one of the subject children due to the other child's very young age and neither party's request for such interview (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 272 [1969]; *Matter of Galanos v Galanos*, 28 AD3d 554 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Picot v Barrett*, 8 AD3d 288 [2004]) was a provident exercise of discretion.

The appellant's remaining contentions are without merit. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.