■ In the Matter of JAMES M. THOMPSON, JR., Respondent, v WAI K. YU-THOMPSON, Appellant. [837 NYS2d 313]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Klein, J.), entered January 11, 2006, which, after a hearing, granted the father's petition for therapeutic visitation with the parties' minor child.

Ordered that the order is modified, on the law and in the exercise of discretion, by adding a provision thereto directing

that the father and the parties' minor subject child each submit to individual therapy and that any costs for the therapy which exceed the coverage provided by the parties' insurance are to be borne by the father; as so modified, the order is affirmed, without costs or disbursements.

A court must determine the best interests of the child when adjudicating custody and visitation issues. The determination of visitation issues is entrusted to the sound discretion of the trial court, and should not be disturbed on appeal unless it lacks a substantial evidentiary basis in the record (see Jordan v Jordan, 8 AD3d 444, 445 [2004]). "A noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child" (Matter of Grisanti v Grisanti, 4 AD3d 471, 473 [2004], quoting Paul G. v Donna G., 175 AD2d 236, 237 [1991]; see Matter of Vanjak v Pesa, 26 AD3d 512, 513 [2006]).

The Family Court's determination that supervised therapeutic visitation was in the best interests of the parties' minor child has a sound and substantial basis in the record and should not be disturbed. Further, the court did not improvidently exercise its discretion in declining to order psychological evaluations of the parties (see Matter of Panetta v Ruddy, 18 AD3d 662, 662 [2005]; Matter of Smith v Kalman, 235 AD2d 848, 849 [1997]), and in failing sua sponte to conduct an in camera interview with the child (see Matter of Artis v Artis, 37 AD3d 599 [2007]; Matter of Thompson v Thompson, 267 AD2d 516, 519 [1999]; see generally Matter of Lincoln v Lincoln, 24 NY2d 270, 272-274 [1969]). The child's preferences were known to the court through the Law Guardian and the testimony of the mother, which acknowledged the child's desire to meet his father.

The Law Guardian requests that this Court modify the order to direct that the father and the child each undergo individual therapy. At the hearing, the social worker recommended such therapy and the Law Guardian supported that position. A review of the transcripts reveals that the court was inclined to order such therapy, but did not do so because of its erroneous belief that it did not have the authority to issue such an order. While a court may not order counseling as a condition of future visitation or re-application for visitation rights, it may direct a party to submit to counseling as a component of visitation (see Jordan v Jordan, supra; Matter of Williams v O'Toole, 4 AD3d 371, 372 [2004]; Matter of Remillard v Luck, 2 AD3d 1179, 1180 [2003]). The court also had the authority to order counseling for the

child (*see Resnick v Zoldan*, 134 AD2d 246, 247-248 [1987]; *Wolfson v Minerbo*, 108 AD2d 682, 683 [1985]). As the court's failure to order such therapy was based upon its erroneous belief that it could not do so, in the interest of judicial economy we modify the order so as to direct such therapy as a component of the visitation.

The mother's remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.