■ In the Matter of Susan McFarland, Appellant, v Grant Smith, Respondent. (Proceeding No. 1.) In the Matter of Grant Smith, Respondent, v Susan McFarland, Appellant. (Proceeding No. 2.) [859 NYS2d 567]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Rockland County (Warren, J.), dated February 26, 2008, which awarded the father temporary supervised visitation with the parties' child.

Ordered that the order is affirmed, with costs.

Absent "exceptional circumstances," some form of visitation with the noncustodial parent "is always appropriate" (*Zafran v Zafran*, 28 AD3d 753, 755 [2006]; *see Weiss v Weiss*, 52 NY2d 170, 175 [1981]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]). The court has discretion to determine what, if any, visitation is in the best interests of the child (*see Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007]; *Matter of*

*Thompson v Yu-Thompson*, 41 AD3d at 488; *Matter of Kachelhofer v Wasiak*, 10 AD3d at 366). This determination will not be set aside unless "it lacks a substantial evidentiary basis in the record" (*see Matter of Thompson v Yu-Thompson*, 41 AD3d at 488; *Matter of Kachelhofer v Wasiak*, 10 AD3d at 366).

Contrary to the mother's contentions, the Family Court did not improvidently exercise its discretion when it determined that temporary supervised visitation with the father was in the best interests of the child (*see Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]). Mastro, J.P., Dillon, Eng and Belen, JJ., concur.