■ Marialuisa Gerson, Appellant, v Andrew Gerson, Respondent. [868 NYS2d 551]—

The children are the product of an interfaith marriage: the plaintiff mother is Roman Catholic, while the defendant father is Jewish. Pursuant to a stipulation of settlement, the parties have joint custody of the children with specified visitation. The Supreme Court, in the order appealed from, noted that the children are being raised as Roman Catholics, have received the sacraments, and attend Catholic religious instruction. The court modified the visitation schedule provided in the parties' stipulation of settlement by granting the mother some visitation every year during Christmas recess, and directed the father to take the children to mass on Easter Sunday in the years when he has visitation on Easter Sunday. The mother appeals.

The order provides the mother with sufficient visitation during Christmas recess to maintain religious observances. However, under the circumstances, and to insure that the mother may maintain religious observances at Easter, the mother should be granted additional visitation. In those years when Easter Sunday falls within a period with the father would otherwise have visitation, the mother should have visitation with the children on Easter Sunday from 9 A.M. until 6 P.M.

The mother's contention that the court erred in failing to appoint an attorney for the children to represent the best interests of the children is unpreserved for appellate review (see *Dana-Sitzer v Sitzer*, 48 AD3d 354 [2008]). In any event, under the

circumstances of this case, it is unnecessary to remit the matter to the Supreme Court, Suffolk County, for the appointment of an attorney for the children (*see DiVittorio v DiVittorio,* 36 AD3d 848, 849 [2007]).

The mother's remaining contentions are without merit. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.