■ In the Matter of CHRISTOPHER H., Appellant, v LISA H., Respondent. [898 NYS2d 468]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Forman, J.), dated April 29, 2009, which, after a hearing, granted the mother's motion to dismiss his petition to modify the visitation provision contained in an order of the same court (Amodeo, J.), dated September 18, 2006.

Ordered that the order dated April 29, 2009, is affirmed, without costs or disbursements.

"As a general rule, some form of visitation by the noncustodial parent is always appropriate, 'absent exceptional circumstances, such as those in which it would be inimical to the welfare of the child or where a parent in some manner has forfeited his or her right to such access' " (*Zafran v Zafran*, 28 AD3d 753, 755 [2006], quoting *Weiss v Weiss*, 52 NY2d 170, 175 [1981]; *see Matter of Sassower-Berlin v Berlin*, 58 AD3d 635, 636 [2009]). The court has discretion to determine what, if any, visitation is in the best interests of the child, and this determination will not be set aside unless it lacks a substantial evidentiary basis in the record (*see Matter of McFarland v Smith*, 53 AD3d 500, 500-501 [2008]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]).

Here, the Family Court properly granted the mother's motion to dismiss the father's petition to modify the visitation provision contained in a prior order. That order, which was entered on consent, provided that the father would have supervised visitation with the children "to commence upon recommendation of the children's therapist." The father failed to establish that the children's therapist recommended supervised visitation. Thus, the Family Court's determination that it was in the children's best interests to grant the mother's motion to dismiss the father's petition has a substantial evidentiary basis in the record and will not be set aside (*see Matter of McFarland v Smith*, 53 AD3d at 500-501).

The father's remaining contentions are without merit. Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.