■ In the Matter of DEBBIE CICCONE, Respondent, v THOMAS CICCONE, Appellant. [904 NYS2d 203]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Olshansky, J.), dated July 27, 2009, which, after a hear-

ing, granted the mother's petition for supervised visitation with the parties' daughter.

Ordered that the order is affirmed, without costs or disbursements.

"The determination of whether to award visitation to a noncustodial parent lies within the sound discretion of the hearing court, and must be based upon the best interest of the child" (*Matter of David V. v Rosalind W.*, 62 AD3d 717, 717 [2009]). The court's determination in this regard "should not be disturbed on appeal unless it lacks a substantial evidentiary basis in the record" (*Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *see Jordan v Jordan*, 8 AD3d 444, 445 [2004]). "The natural right of visitation jointly enjoyed by the noncustodial parent and the child is more precious than any property right" (*Resnick v Zoldan*, 134 AD2d 246, 247 [1987]), and "[a]bsent exceptional circumstances, some form of visitation with the noncustodial parent is always appropriate" (*Matter of McFarland v Smith*, 53 AD3d 500, 500 [2008] [internal quotation marks omitted]). "[T]he denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child" (*Matter of Grisanti v Grisanti*, 4 AD3d 471, 473 [2004] [internal quotation marks omitted]).

The Family Court's decision to award the mother monthly supervised visits with the subject child has a sound and substantial basis in the record. The record establishes that the mother has a history of mental health problems that impaired her ability to parent her children. However, the record also establishes that the mother's condition has significantly improved over the last decade through her voluntary compliance with mental health treatment. Although the mother admitted to physically abusing her now-adult son on at least one occasion in 1991 when he was three years old, the record evinces that the mother is remorseful and has taken responsibility for these actions.

The Family Court's determination is also consistent with the opinion of the court-appointed forensic psychologist, the opinion of the court-appointed social worker who supervised visitation between the mother and the subject child, and the position of the attorney for the child. While not determinative, the recommendations of court-appointed evaluators and the position of the attorney for the child are entitled to some weight unless contradicted by the record (*see Rosenberg v Rosenberg*, 44 AD3d 1022, 1024-1025 [2007]; *Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]).

The Family Court considered that the mother was found to have committed acts constituting the family offense of stalking in the fourth degree (Family Ct Act §§ 812, 832; Penal Law § 120.45 [2]) in a proceeding commenced by her adult son in August 2008 (*see Matter of Ciccone v Ciccone*, 73 AD3d 1052 [2010]). Contrary to the father's contention, the Family Court reviewed the findings and the hearing testimony in the family offense proceeding, and properly determined that they do not establish that monthly visitation, supervised by a court-appointed social worker or another mental health professional agreed upon by the parties and the attorney for the child, would be detrimental to the welfare of the subject child.

Both court-appointed experts reported that the mother acted appropriately with the subject child and was able to gently and positively engage the child, without displaying frustration, despite the child's limited verbal communication skills and special needs. The court-appointed social worker who supervised visitation between the mother and the subject child testified that she was impressed by the mother's behavior, in that the mother did not overwhelm the child and remained in control of her emotions despite the fact that she had been waiting to see her daughter for so many years. Since substantial evidence does not exist that supervised "visitation would be detrimental to the child," the Family Court's determination should not be disturbed (*Matter of Grisanti v Grisanti*, 4 AD3d at 473). Covello, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.