■ In the Matter of MATTHEW WIEBKE, Respondent, v QUONDA WIEBKE, Appellant. In the Matter of MATTHEW WIEBKE, Respondent, v QUONDA WIEBKE, Appellant. [909 NYS2d 395]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Luft, J.), dated June 5, 2009, as, after a hearing, in effect, granted the father's petition to enforce the visitation provisions of a prior order of the same court (Spinner, J.), dated December 3, 2004, directed the resumption of unsupervised visitation, and adjudicated her in civil contempt for violating the visitation provisions of the prior order.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The determination of visitation issues is entrusted to the sound discretion of the hearing court, and must be based upon the best interests of the children (*see Matter of Ciccone v Ciccone*, 74 AD3d 1337 [2010], *lv denied* 15 NY3d 708 [2010]; *Matter of McFarland v Smith*, 53 AD3d 500 [2008]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). The hearing court's determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Ciccone v Ciccone*, 74 AD3d 1337 [2010]; *Matter of McFarland v Smith*, 53 AD3d 500 [2008]; *Matter of Thompson v Yu-Thompson*, 41 AD3d at 488). Contrary to the mother's contention, the Family Court's determination that it is in the best interests of the children to have liberal unsupervised visitation with their father is supported by a sound and substantial basis in the record. Accordingly, the Family Court properly, in effect, granted the father's petition to enforce the visitation provisions in a prior order and directed the resumption of unsupervised visitation.

Furthermore, the hearing record establishes that the mother willfully violated the order dated December 3, 2004, by refusing to allow the father to have visitation with the children, thus prejudicing his visitation rights (*see Matter of Jules v Corriette*, 55 AD3d 732 [2008]; *Matter of Munster v Munster*, 17 AD3d 600 [2005]; *Matter of Hoistion v Abrams*, 287 AD2d 629 [2001]; *Matter of Barcham-Reichman v Reichman*, 250 AD2d 609 [1998]; *cf. Matter of Dorf v Alvalle*, 76 AD3d 629 [2010]). The Family Court thus properly adjudicated the mother in civil contempt.

Since the father did not appeal, his contention that the Family Court should have modified the order dated December 3, 2004, by awarding him sole custody of the children is not properly before us (*see Matter of Mary UU. [Michael UU.— Marie VV.]*, 70 AD3d 1227, 1228 [2010]; *Day v Day*, 112 AD2d 972, 973 [1985]). Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.