■ In the Matter of ALYSE LARKIN, Appellant, v CALEB WHITE, Respondent. (Proceeding No. 1.) In the Matter of CALEB WHITE, Respondent, v ALYSE LARKIN, Appellant. (Proceeding No. 2.) [915 NYS2d 83]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Eisman, J.), dated November 25, 2009, which, upon remittitur from this Court (*see Matter of Larkin v White*, 64 AD3d 707, 710 [2009]), established a permanent visitation schedule.

Ordered that the order is affirmed, without costs or disbursements.

The determination of visitation issues is entrusted to the sound discretion of the Family Court, and must be based upon the best interests of the child (*see Matter of Wiebke v Wiebke*, 77 AD3d 964 [2010]; *Matter of Ciccone v Ciccone*, 74 AD3d 1337 [2010], *lv denied* 15 NY3d 708 [2010]; *Matter of McFarland v Smith*, 53 AD3d 500 [2008]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). The Family Court's determination "depend[s] to a great extent upon [its] assessment of the credibility of witnesses, as well as the parties' character, temperament and sincerity, which the Family Court is in the best position to evaluate" (*Matter of Waldron v Dussek*, 48 AD3d 471, 472 [2008] [internal quotation marks omitted]; *see Matter of Thomas v Thomas*, 35 AD3d 868, 869 [2006]; *Matter of Mc-Lean v Bell*, 35 AD3d 744, 744 [2006]; *Matter of Herrera v O'Neill*, 20 AD3d 422, 423 [2005]). The Family Court's determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Wiebke v Wiebke*, 77 AD3d 964 [2010]; *Matter of Ciccone v Ciccone*, 74 AD3d 1337 [2010]; *Matter of McFarland v Smith*, 53 AD3d 500 [2008]; *Matter of Thompson v Yu-Thompson*, 41 AD3d at 488).

Here, based on the totality of the circumstances (*see Eschbach*

*v Eschbach*, 56 NY2d 167, 174 [1982]), the Family Court's determination had a sound and substantial basis in the record, and was in the best interests of the child. Contrary to the mother's contention, the Family Court properly considered the child's need for stability and his religious upbringing (*see generally Spring v Glawon*, 89 AD2d 980 [1982]; *cf. Gerson v Gerson*, 57 AD3d 606 [2008]; *Matter of Weil v Clavering*, 215 AD2d 766 [1995]).

The mother's remaining contentions are without merit or need not be addressed in light of our determination. Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.