■ In the Matter of SHULEM INDIG, Respondent, v CHAYA INDIG, Also Known as CHAYA KENIG, Appellant. [934 NYS2d 843]—

The determination of visitation issues is entrusted to the sound discretion of the Family Court, and must be based upon the best interests of the child (*see Matter of Wiebke v Wiebke*, 77 AD3d 964, 964 [2010]; *Matter of Ciccone v Ciccone*, 74 AD3d 1337, 1338 [2010]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). The Family Court's determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Larkin v White*, 79 AD3d 751, 751 [2010]; *Matter of Wiebke v Wiebke*, 77 AD3d at 964; *Matter of Ciccone v Ciccone*, 74 AD3d at 1338).

The Family Court's determination that it would be in the children's best interests to direct the mother to ensure that, during visitation, the children abide by the rules of their respective Satmar Hasidic community schools whenever possible has a sound and substantial basis in the record, which includes a stipulation entered into by the parties (*see Matter of Powell v Blumenthal*, 35 AD3d 615, 617 [2006]; *Matter of Booth v Booth*, 8 AD3d 1104, 1106 [2004]; *Lebovich v Wilson*, 155 AD2d 291, 291 [1989]; *Matter of Bentley v Bentley*, 86 AD2d 926, 927 [1982]).

The parties' remaining contentions and those of the attorney for the children are without merit. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.