◼ In the Matter of WILLIAM WALKER, JR., Appellant, v SHARISSE N. DIAZ, Respondent. [943 NYS2d 913]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Morgenstern, J.), dated June 7, 2010, which, sua sponte, suspended his visitation with the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County (IDV Part), for further proceedings on the issue of visitation consistent with the child's best interest.

" 'A noncustodial parent is entitled to meaningful visitation. Denial of that right is so drastic that it must be based on substantial evidence that visitation would be detrimental to the welfare of the child' " (*Matter of Pettiford-Brown v Brown*, 42 AD3d 541, 542 [2007], quoting *Matter of Kachelhofer v Wasiak*, 10 AD3d 366, 366 [2004]). When adjudicating visitation issues, a court must determine the best interests of the child (*see Matter of Indig v Indig*, 90 AD3d 1050, 1051 [2011]; *Matter of Mohabir v Singh*, 78 AD3d 1056 [2010]; *Matter of Mera v Rodri-*

*guez,* 73 AD3d 1069, 1069-1070 [2010]; *Matter of Thompson v Yu-Thompson,* 41 AD3d 487, 488 [2007]).

Here, the Supreme Court failed to determine the best interests of the child before suspending the father's visitation with the child. Accordingly, the matter must be remitted to the Supreme Court, Kings County (IDV Part), for further proceedings on the issue of visitation consistent with the child's best interests. Rivera, J.P., Chambers, Roman and Miller, JJ., concur.