# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**801**

**CAF 11-01701**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF MELISSA A. FLINT,
PETITIONER-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ANDREW L. ELY, RESPONDENT-PETITIONER-RESPONDENT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
PETITIONER-RESPONDENT-APPELLANT.

DAVID C. BRAUTIGAM, ATTORNEY FOR THE CHILD, HOUGHTON, FOR DYLAN E.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Allegany County
(Terrence M. Parker, J.), entered July 29, 2011 in a proceeding
pursuant to Family Court Act article 6. The order, inter alia,
awarded respondent-petitioner primary physical custody of the subject
child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner-respondent mother appeals from an order
that, following a hearing, modified the prior custody order pursuant
to which the parties had shared physical custody of their child and
awarded primary physical custody of the child to respondent-petitioner
father and visitation to the mother. The parties agreed that a change
in circumstances was created by virtue of the fact that the child had
reached the age where he was attending school, rendering the existing
shared physical custody arrangement impractical, and thus we need only
address whether it was in the child's best interests to award primary
physical custody to the father (*see Matter of Dubuque v Bremiller*, 79
AD3d 1743, 1744). Contrary to the mother's contention, Family Court
properly determined that awarding primary physical custody of the
child to the father was in the child's best interests. " 'Generally,
a court's determination regarding custody and visitation issues, based
upon a first-hand assessment of the credibility of the witnesses after
an evidentiary hearing, is entitled to great weight and will not be
set aside unless it lacks an evidentiary basis in the record' " (*id.*).
Here, the court's determination that both parties are fit and loving
parents but that the father is better able to provide for the child's
needs is supported by the requisite " 'sound and substantial basis in

the record' " and thus will not be disturbed (*id.*).

Frances E. Cafarell
Clerk of the Court