# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

493

CAF 14-00119

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF SCOTT J. LAMAY,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

KIMBERLY R. STAVES, RESPONDENT-APPELLANT.
------------------------------------------
IN THE MATTER OF KIMBERLY R. STAVES,
PETITIONER-APPELLANT,

V

SCOTT J. LAMAY, RESPONDENT-RESPONDENT.

---

DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR
RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

LINDA M. CAMPBELL, SYRACUSE, FOR PETITIONER-RESPONDENT AND RESPONDENT-
RESPONDENT.

LAURA ESTELA CARDONA, ATTORNEY FOR THE CHILD, SYRACUSE.

---

Appeal from an order of the Family Court, Oswego County (Bobette J. Morin, R.), entered August 9, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded Scott J. LaMay sole legal and primary physical custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent father commenced this proceeding pursuant to article 6 of the Family Court Act, seeking custody of the subject child, and respondent-petitioner mother filed, among other pleadings, a competing custody petition. The mother appeals from an order that, inter alia, awarded sole legal and primary physical custody of the subject child to the father, granted the mother final decision-making authority over medical determinations if the parties are unable to agree, and set a visitation schedule that divided the parties' parenting time into specified blocks of time.

We reject the mother's contention that Family Court erred in its custody determination. The parties presented diametrically opposing testimony concerning each other's parenting skills, drug use,

employment, and acts of domestic violence, and each testified in a derogatory manner regarding the other.  After hearing the testimony and reviewing the evidence, the court concluded, inter alia, that both parties' testimony was "partisan to a fault, unconvincing, lacking in credibility, and significantly devoid of many details," but further concluded that the father was the more stable parent and that the mother was likely to undermine the subject child's relationship with the father.  "It is well settled . . . that [a] concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent" (*Matter of Marino v Marino*, 90 AD3d 1694, 1695 [internal quotation marks omitted]; *see Matter of Howell v Lovell*, 103 AD3d 1229, 1231).  Inasmuch as no other factor strongly favors either party, and the court's custody determination, which is "based upon [its] first-hand assessment of the credibility of the witnesses," has a sound and substantial basis in the record, we conclude that it should not be disturbed (*Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1449 [internal quotation marks omitted]).

Contrary to the mother's further contention, the court fully considered the impact of the evidence concerning acts of domestic violence by both parties in making its determination (*see* Domestic Relations Law § 240 [1] [a]).  Indeed, the court concluded that both parties engaged in "egregious domestic violence," and we agree with the court that the best interests of the child are served by awarding custody to the father notwithstanding his actions (*see Matter of Booth v Booth*, 8 AD3d 1104, 1105, *lv denied* 3 NY3d 607).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court