# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1257**
**CAF 14-01014**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF BRANDON P. SAUNDERS,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JENNIFER M. STULL, RESPONDENT-APPELLANT.

---

LAW OFFICE OF WENDY LEE GOULD, BATH (RUTH A. CHAFFEE OF COUNSEL), FOR RESPONDENT-APPELLANT.

SHULTS AND SHULTS, HORNELL (JOAN MERRY OF COUNSEL), FOR PETITIONER-RESPONDENT.

LYLE T. HAJDU, ATTORNEY FOR THE CHILD, LAKEWOOD.

---

Appeal from an order of the Family Court, Steuben County (Gerard J. Alonzo, Jr., J.H.O.), entered May 16, 2014 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, granted petitioner father sole custody of the parties' child, with visitation to the mother. The mother contends that Family Court did not give proper consideration to the father's history of domestic violence. We reject that contention. The record establishes that the court fully considered the evidence that the father committed an act of domestic violence against the mother (*see* Domestic Relations Law § 240 [1] [a]; *Matter of LaMay v Staves*, 128 AD3d 1485, 1486), and we agree with the court that it is in the child's best interests to remain in the custody of the father despite the evidence of domestic violence (*see LaMay*, 128 AD3d at 1486; *Matter of Booth v Booth*, 8 AD3d 1104, 1105, *lv denied* 3 NY3d 607; *see also Matter of Viscuso v Viscuso*, 129 AD3d 1679, 1681-1682).

Contrary to the mother's further contentions, the court properly determined that an award of sole custody to the father was in the child's best interests. " 'Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless

it lacks an evidentiary basis in the record' " (*Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744).  Here, the court's determination that the father is better able to provide for the child's needs is supported by a sound and substantial basis in the record and thus will not be disturbed (*see Matter of Flint v Ely*, 96 AD3d 1681, 1682; *Matter of Fox v Coleman*, 93 AD3d 1187, 1188).  Although the award of sole custody to the father will limit the amount of time the child will spend with his half-siblings, and "sibling relationships should not be disrupted unless there is some overwhelming need to do so" (*Matter of O'Connell v O'Connell*, 105 AD3d 1367, 1368 [internal quotation marks omitted]), we note that the visitation schedule fashioned by the court is a countervailing benefit inasmuch as the child will be able to spend a substantial amount of time with his half-siblings during the summer (*see generally id.* at 1368-1369).  Moreover, we conclude that sole custody to the father is the most appropriate result in this case in light of the evidence at the hearing that the mother was attempting to exclude the father from the child's life while the father was willing to foster a relationship between the child and the mother (*see Matter of McTighe v Pearl*, 8 AD3d 951, 951-952, *lv dismissed* 4 NY3d 739; *Matter of Erck v Erck*, 147 AD2d 921, 921-922; *see generally Matter of Koch v Koch*, 121 AD3d 1201, 1203).

The mother further contends that the court erred in determining that portions of her hearing testimony were not credible.  We reject that contention.  The court's " 'determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record' " (*Matter of Burke H. [Tiffany H.]*, 117 AD3d 1568, 1568), and we conclude that the court's credibility determinations are supported by the record.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court