Matter of Ian C. v Desery C. (2018 NY Slip Op 03741)





Matter of Ian C. v Desery C.


2018 NY Slip Op 03741


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6649

[*1]In re Ian C., Petitioner-Respondent,
v
Desery C., Respondent-Appellant.


Leslie S. Lowenstein, Woodmere, for appellant.
Karen P. Simmons, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.



Order, Family Court, Bronx County (Rosanna Mazzotta, Referee), entered on or about October 7, 2016, which, to the extent appealed from as limited by the briefs, upon petitioner father's motion to modify a visitation order, granted petitioner father visitation on alternate weekends from Friday afternoons to Sunday mornings, unanimously affirmed, without costs.
The determination that awarding alternate weekend visitation to petitioner was in the child's best interest has a sound and substantial basis in the record (see Matter of Frank M. v Donna W., 44 AD3d 495 [1st Dept 2007]; see also Nimkoff v Nimkoff, 18 AD3d 344, 347 [1st Dept 2005] [child's best interest "is normally best protected by allowing the development of the fullest possible healthy relationship with both parents"]). Contrary to respondent's contention, the court weighed respondent's purported desire that the child attend church with her every Saturday against the value of maintaining meaningful and regular visitation with petitioner. The court considered, among other things, the father's work schedule, the geographic distance between the households and respondent's continued efforts to obstruct petitioner's relationship with the child for reasons unrelated to her stated religious concerns or for no reason at all (see e.g. Matter of Larkin v White, 79 AD3d 751 [2d Dept 2010]; see also Szemansco v Szemansco, 296 AD2d 686 [3d Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK