Matter of McCarthy v Kriegar (2018 NY Slip Op 04197)





Matter of McCarthy v Kriegar


2018 NY Slip Op 04197


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


674 CAF 17-01216

[*1]IN THE MATTER OF TIMOTHY MCCARTHY, PETITIONER-RESPONDENT-RESPONDENT,
v
CINDY A. KRIEGAR, RESPONDENT-PETITIONER-APPELLANT. 






ROBERT A. DINIERI, CLYDE, FOR RESPONDENT-PETITIONER-APPELLANT.
LORENZO NAPOLITANO, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered February 17, 2017 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, continued joint legal custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent-petitioner mother appeals from an order that, inter alia, denied her petition to modify the prior order of custody and directed that the parties continue to share joint legal custody of their children. We affirm.
"It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child[ren]" (Matter of Carey v Windover, 85 AD3d 1574, 1574 [4th Dept 2011], lv denied 17 NY3d 710 [2011] [internal quotation marks omitted]). Contrary to the mother's contention, we conclude that there is a sound and substantial basis in the record for Family Court's determination that the mother failed to establish a change in circumstances (see Matter of Avola v Horning, 101 AD3d 1740, 1740-1741 [4th Dept 2012]). Although the record establishes that the parties have difficulty communicating with each other, the mother failed to demonstrate that those communication problems have changed since the prior custody order was entered (see id. at 1741). Contrary to the mother's further contention, "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Saunders v Stull, 133 AD3d 1383, 1383 [4th Dept 2015] [internal quotation marks omitted]). Here, there is no basis in the record to give less weight to the court's determination on the ground that the trial judge recused himself after issuing the order on appeal.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court