Matter of Scott v Thompson (2018 NY Slip Op 07436)





Matter of Scott v Thompson


2018 NY Slip Op 07436


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-08259
 (Docket Nos. V-3681-16, V-14716-16)

[*1]In the Matter of Franciel Scott, Jr., respondent,
v
Lynnette Thompson, appellant. (Proceeding No. 1)
In the Matter of Lynnette Thompson, appellant, v Franciel Scott, Jr., respondent. (Proceeding No. 2)


Salvatore C. Adamo, New York, NY, for appellant.
Francine H. Moss, Ronkonkoma, NY, for respondent.
Annemarie Grattan, East Islip, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated July 7, 2017. The order, insofar as appealed from, after a hearing, granted the father's petition for sole custody of the parties' child and denied the mother's petition for sole custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and mother each filed a petition for sole custody of their child. After a hearing, the Family Court awarded the father sole custody of the child and set forth a parental access schedule for the mother. The mother appeals.
" The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Gooler v Gooler, 107 AD3d 712, 712, quoting Matter of Julie v Wills, 73 AD3d 777, 777; see Eschbach v Eschbach, 56 NY2d 167, 171). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890; see Matter of Tinger v Tinger, 108 AD3d 569, 570; Matter of Swinson v Brewington, 84 AD3d 1251, 1253). Moreover, pursuant to Domestic Relations Law § 240(1)(a), in any action or proceeding concerning custody or parental access where domestic violence is alleged, "the court must consider" the effect of such domestic violence upon the best interests of the child along with all the other relevant factors (see Matter of Felty v Felty, 108 AD3d 705, 707; Matter of [*2]Wissink v Wissink, 301 AD2d 36, 39), when the allegations of domestic violence are proven by a preponderance of the evidence (see Bressler v Bressler, 122 AD3d 659, 660; Matter of Andrews v Mouzon, 80 AD3d 761, 761).
Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (see Matter of Gooler v Gooler, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see id; see also Matter of Frankiv v Kalitka, 105 AD3d at 1046).
Contrary to the mother's contentions, the Family Court did not fail to give proper consideration to the parties' history of domestic violence. Rather, the court found that both parents had engaged in acts of domestic violence in the presence of the child, and therefore, this factor did not favor either of the parents (see generally Matter of Saunders v Stull, 133 AD3d 1383, 1383; Matter of Lamay v Staves, 128 AD3d 1485, 1486; Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046). The court's determination that the child's best interests would be served by awarding sole custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Bowe v Bowe, 124 AD3d 645, 646; Matter of Gribeluk v Gribeluk, 120 AD3d 579, 580).
The mother's remaining contention is not properly before this Court.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court