■ R & J YOREK, INC., Appellant, v MCL CONSTRUCTION, INC., et al., Respondents.—In an action, *inter alia,* to set aside two mortgages held by the defendants, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered April 6, 1989, as denied its motion for partial summary judgment on the first, second and third causes of action asserted in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contracted with the defendant MCL Construction, Inc. (hereinafter MCL) in February 1984 to construct an addition to its service station. The contract was subsequently modified to provide for demolition of the existing structure and construction of a new building. As security for the costs of construction, the plaintiff delivered two mortgages on the subject property to MCL. Following demolition of the building, a dispute developed between the parties, and in August 1984 the plaintiff directed MCL not to perform further work under the contracts. The plaintiff then commenced this action against the defendants to set aside the mortgages and to recover damages based on breach of contract and fraud.

On appeal, the plaintiff contends that the court erred in

denying its motion for summary judgment on the first three causes of action in the complaint sounding in breach of contract and fraud. Specifically, the plaintiff argues that there was no consideration for the mortgages because the new building was never constructed and that the mortgages should be set aside because MCL was not a lawful corporate entity at the time of the conveyances.

We conclude that the court properly denied the plaintiff's motion as it is apparent from the parties' affidavits that the facts surrounding the negotiation of the contracts and termination of work on the construction project are highly disputed. Since material issues of fact exist, the plaintiff has failed to establish that it is entitled to judgment in its favor as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557). Furthermore, the proof submitted by the plaintiff was insufficient to establish as a matter of law that MCL was not a lawful corporate entity at the time the mortgages were conveyed, and we decline to consider matters in the parties' briefs which are de hors the record on appeal. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.