■ DAFNA BIBAS, Respondent, v CHARLES BIBAS, Appellant. [881 NYS2d 439]—

In a matrimonial action in which the parties were divorced by judgment entered July 10, 2007, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Stack, J.), entered November 9, 2007, as granted that branch of the mother's motion which was, inter

alia, for therapeutic visitation between the father and the children to the extent of appointing a therapist to conduct supervised therapeutic visitation on a temporary basis to facilitate the court in rendering its final determination of visitation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The allegations and exhibits submitted in support of the mother's motion, inter alia, for therapeutic visitation between the father and the children, which were consistent with the position taken by the attorney for the children, were adequate to enable the Supreme Court to make an informed determination regarding the appropriateness of placing interim restrictions on the father's visitation rights pending a final determination (*see Matter of Vanjak v Pesa*, 26 AD3d 512, 513 [2006]). Where, as here, the court possessed adequate relevant information to enable it to make an informed determination with respect to the best interests of the children, an evidentiary hearing, complete with expert testimony, sworn witnesses, and an in camera interview of the children, is not necessary to render a temporary custody determination (*see McAvoy v Hannigan,* 41 AD3d 791, 792 [2007]; *Assini v Assini*, 11 AD3d 417, 418 [2004]; *Matter of Levande v Levande*, 10 AD3d 723 [2004]).

Here, there was a sound and substantial basis for the court's determination to temporarily order supervised therapeutic visitation (*see Matter of Sinnott-Turner v Kolba*, 60 AD3d 774 [2009]; *see also Zafran v Zafran*, 28 AD3d 753 [2006]) and this arrangement would not deprive the father of meaningful access to the children (*see e.g. Lightbourne v Lightbourne*, 179 AD2d 562 [1992]).

This father's remaining contentions either concern matter dehors the record which cannot be reviewed (*see generally R & J Yorek, Inc. v MCL Constr.*, 173 AD2d 531 [1991]) or are without merit. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.