■ In the Matter of MAX F., JR. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMMA F.-G., Appellant. (Proceeding No. 1.) In the Matter of ANDREA L.H. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMMA F., Appellant. (Proceeding No. 2.) In the Matter of ELIJAH-KHALIL H. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMMA F., Appellant. (Proceeding No. 3.) In the Matter of KAI ARIYIAN H. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMMA F., Appellant. (Proceeding No. 4.) In the Matter of KENNARD C.R., JR. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMMA F., Appellant. (Proceeding No. 5.) [934 NYS2d 834]—

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) was deficient in that counsel failed to analyze any possible appellate issues or highlight anything in the record that might arguably support the appeal (*id.* at 744; *see Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Stokes*, 95 NY2d 633, 637 [2001]; *People v Saunders*, 52 AD2d 833 [1976]). To the contrary, the "argument" section of counsel's brief merely states in conclusory fashion: "The undersigned has fully analyzed the record, performed the necessary legal research, spoke to Appellant, the Attorneys for the Children and trial counsel for Appellant, and discussed the analysis with Appellant following review of the transcript and completion of legal research, and it is the opinion of the undersigned that there are no non-frivolous issues to raise on appeal." Accordingly, the appellant is entitled to new counsel (*see People v Barger*, 72 AD3d 696 [2010]; *People v Henry*, 143 AD2d 277, 278 [1988]).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the finding of neglect was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i]; 1046 [b] [i]), whether the Family Court improvidently exercised its discretion in denying the appellant's

request for substitution of counsel, and whether the appellant was afforded the effective assistance of counsel. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.