■ In the Matter of JEROME G. GRIFFIN, JR., Respondent, v NIKIEA MOORE-JAMES, Appellant. [945 NYS2d 95]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated September 15, 2010, which, after a hearing, granted the father's

petition to modify a prior order of the same court dated January 4, 2010, so as to award custody of the subject child to him, and (2) an order of the same court dated December 22, 2010, which granted the mother certain parenting time. The mother's assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel.

Ordered that the motion is granted, Anna Martin is relieved as counsel for the appellant, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Arza R. Feldman, Esq., 626 RXR Plaza, West Tower, 6th Floor, Uniondale, N.Y., 11556, is assigned as counsel to perfect the appeals from the orders dated September 15, 2010, and December 22, 2010; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior orders on certification of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by assigned counsel for the mother failed to satisfy the requirement that counsel act as an " 'active advocate' " on behalf of her client, rather than merely as an advisor to the Court as to the merits of the appeals (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011], quoting *People v Stokes*, 95 NY2d 633, 636 [2001]). Counsel's brief is deficient in that it fails to "draw the Court's attention to the relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Accordingly, new counsel must be assigned to represent the mother on the appeals (*id.*; *see People v Foster*, 90 AD3d 1070, 1070-1071 [2011]).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the father established a sufficient change in circumstances since the entry of a prior order dated January 4, 2010, such that modification was required to

protect the best interests of the child (*see generally Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 790-791 [2010]; *Matter of Russell v Russell*, 72 AD3d 973, 974 [2010]; *Trinagel v Boyar*, 70 AD3d 816 [2010]). Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.