■ In the Matter of DYLAN MC. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; MICHELLE M. MC., Appellant. (Proceeding No. 1.) In the Matter of CONNOR MC. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; MICHELLE M. MC., Appellant. (Proceeding No. 2.) In the Matter of MICHAEL W., Respondent, v MICHELLE M. MC., Appellant, et al., Respondent. (Proceeding No. 3.) [943 NYS2d 767]—

In two related child protective proceedings pursuant to Family Court Act article 10, and a related child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Greenberg, J.), dated April 13, 2011, which, after a hearing, granted the father's petition for custody of the subject children. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, assigned counsel is relieved as counsel for the appellant, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that John M. Zenir, Esq., 114 Old Country Road, Suite 216, Mineola, N.Y., 11501, is assigned as counsel to perfect the appeal; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the respondents shall serve and file their briefs within 120 days of the date of this decision and order. By prior order on certification of this Court dated June 10, 2011, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The *Anders* brief submitted by the appellant's counsel is deficient in that counsel fails to analyze any possible appellate issues or highlight anything in the record that might arguably support the appeal (*see Matter of Max F. [Emma F.-G.]*, 90 AD3d 1047, 1048 [2011]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). The argument section of her brief merely states in conclusory fashion that "the undersigned has fully analyzed the record, performed the necessary legal research, spoke to Appellant and trial counsel for Respondent-Appellant, and it is the opinion of the undersigned that there are no non-frivolous issues to raise on appeal." Accordingly, the appellant is entitled to new counsel (*see Matter of Max F. [Emma F.-G.]*, 90 AD3d at 1048).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the Family Court improvidently exercised its discretion in denying the appellant's request for substitution of counsel and whether the appellant was af-

forded the effective assistance of counsel. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.