■ In the Matter of KENNETH S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BETHZAIDA P., Appellant; KENNETH S., Respondent. (Proceeding No. 1.) In the Matter of ALAN S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BETHZAIDA P., Appellant; KENNETH S., Respondent. (Proceeding No. 2.) [961 NYS2d 577]—

In two related child custody proceedings pursuant to Family Court Act article 6, Bethzaida P. appeals from an order of the Family Court, Queens County (Anixiadis, Ct. Atty. Ref.), dated October 28, 2011, which denied her motion to vacate an order of

the same court dated October 15, 2010, awarding custody of the subject children to Kenneth S. upon her default in appearing at a hearing. The mother's assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel.

Ordered that the motion of Rayaaz N. Khan for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Esq., Box 287356, Yorkville Station, New York, N.Y., 10128, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior order on certification of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see Matter of Dylan Mc. [Michelle M. Mc.]*, 95 AD3d 1016 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Since the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]), or that he diligently examined the record, we must assign new counsel to represent the appellant (*see People v Singleton*, 101 AD3d 909 [2012]; *People v Brown*, 96 AD3d 869 [2012]; *Matter of Dylan Mc. [Michelle M. Mc.]*, 95 AD3d 1016 [2012]). Balkin, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.