In a matrimonial action in which the parties were divorced by judgment entered January 6, 2006, the mother appeals from a corrected order of the Supreme Court, Suffolk County (Buetow, Ct. Atty. Ref.), dated January 31, 2012, which, after a hearing, inter alia, granted the father’s motion to modify the custody provisions of a so-ordered stipulation dated October 18, 2007, and awarded sole legal and residential custody of the parties’ children to the father. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.
Ordered that the motion of Marina M. Martielli for leave to withdraw as counsel for the appellant is granted, and she is *510 directed to turn over all papers in her possession to the appellant’s new counsel assigned herein; and it is further,
Ordered that Susan A. DeNatale, Esq., 982 Montauk Highway, Suite 6, Bayport, N.Y., 11705, is assigned as counsel to prosecute the appeal; and it is further,
Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent and the attorney for the children shall serve and file their respective briefs within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated October 3, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties and the attorney for the children, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by the appellant’s assigned counsel pursuant to Anders v California (386 US 738 [1967]) is deficient because it fails to analyze any potential appellate issues or highlight facts in the record that might arguably support the appeal (see Matter of Dylan Mc. [Michelle M. Mc.], 95 AD3d 1016, 1017 [2012]; Matter of Max F. [Emma F.-G.], 90 AD3d 1047, 1048 [2011]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 260 [2011]). Consequently, we must assign new counsel to represent the appellant (see Matter of Dylan Me. [Michelle M. Me.], 95 AD3d at 1017; Matter of Max F. [Emma F.-G.], 90 AD3d at 1048; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 260). Dillon, J.E, Dickerson, Austin and Miller, JJ., concur.