In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated August 15, 2012, which, *943 after a hearing, awarded the father sole custody of the parties’ child and failed to award her visitation. The mother’s assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which he moves for leave to withdraw as counsel.
Ordered that the motion of Steven P. Forbes for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant’s new counsel assigned herein; and it is further,
Ordered that Kenneth M. Tuccillo, Esq., P.O. Box 576, Hastings-on-Hudson, N.Y., 10706, is assigned as counsel to prosecute the appeal; and it is further,
Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent and the attorney for the child shall serve and file their respective briefs within 30 days after the brief on behalf of the appellant is served and filed. By prior order on certification of this Court dated November 2, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties and the attorney for the child, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by the mother’s assigned counsel pursuant to Anders v California (386 US 738 [1967]) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see Filippi v Filippi, 109 AD3d 509, 510 [2013]; Matter of Kenneth S. [Bethzaida P. — Kenneth S.], 104 AD3d 951 [2013]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 260 [2011]). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under Anders v California, we must assign new counsel to represent the mother (see Matter of Dylan Mc. [Michelle M. Mc.], 95 AD3d 1016, 1017 [2012]; Matter of Griffin v Moore-James, 95 AD3d 1013, 1014 [2012]).
Moreover, upon this Court’s independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the mother was denied a fair hearing (see People v Arnold, 98 NY2d 63, 68 [2002]; People v Yut Wai Tom, 53 NY2d 44, 56-57 [1981]; Matter of Jacqulin M., 83 AD3d 844, 844-845 [2011]), and whether there was a sound and substantial basis in the record to support a finding that visitation with the mother was not in the best interests of the child (see Matter of Christopher H. v Lisa H., 72 AD3d 822, 823 *944 [2010]; Bibas v Bibas, 62 AD3d 924, 925 [2009]; Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775 [2009]; Matter of McFarland v Smith, 53 AD3d 500 [2008]). Mastro, J.E, Roman, Miller and Hinds-Radix, JJ., concur.