■ In the Matter of MICHELLE H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FILANDRA C., Appellant. (Proceeding No. 1.) In the Matter of MATTHEW H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FILANDRA C., Appellant. (Proceeding No. 2.) In the Matter of MELANIE C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FILANDRA C., Appellant. (Proceeding No. 3.) [989 NYS2d 133]—

In three related neglect proceedings pursuant to Family Court Act article 10, the mother appeals (1) from a fact-finding order of the Family Court, Queens County (Salinitro, J.), dated June 28, 2012, which found that she neglected the three subject children, (2) from an order of disposition of the same court (Richroath, J.) dated January 16, 2013, which directed that the children Matthew and Michelle be placed in the custody of the Commissioner of Social Services until the conclusion of the permanency hearing, and (3) from an order of disposition of the same court (Richroath, J.), also dated January 16, 2013, which directed that the child Melanie be placed in the final custody of the father. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Anthony DeGuerre for leave to

withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Yasmin Daley-Duncan, Esq., 386 Parkside Avenue, Brooklyn, N.Y., 11226, is assigned as counsel to prosecute the appeals; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the petitioner and the attorneys for the children shall serve and file their briefs within 30 days after the brief on behalf of the appellant is served and filed. By order on certification of this Court dated March 20, 2013, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the mother's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see Filippi v Filippi*, 109 AD3d 509, 510 [2013]; *Matter of Kenneth S. [Bethzaida P.-Kenneth S.]*, 104 AD3d 951 [2013]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 260 [2011]). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the mother (*see Matter of Dylan Mc. [Michelle M. Mc.]*, 95 AD3d 1016, 1017 [2012]; *Matter of Griffin v Moore-James*, 95 AD3d 1013, 1014 [2012]).

Moreover, upon this Court's independent review of the record here, we conclude that nonfrivolous issues exist, including whether the evidence was sufficient to support a finding of neglect and derivative neglect, and whether the hearing evidence was adequate to establish that the issuance of a final order of custody of the youngest child was in that child's best interests (*see Anders v California*, 386 US 738 [1967]). Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.