■ In the Matter of LIAM Q. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH P., Appellant. (Proceeding No. 1.) In the Matter of FRANCISCO Q. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH P., Appellant. (Proceeding No. 2.) [998 NYS2d 418]—

Appeal from an order of disposition of the Family Court, Queens County (Maria Arias, J.), dated December 16, 2013. The order, inter alia, placed the subject children in the care and custody of the nonrespondent father and his partner with six months of supervision by the Administration for Children's Services. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Helene Bernstein for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Geanine Towers, Esq., 179 Bay Ridge Avenue, Brooklyn, N.Y., 11220, is assigned as counsel to perfect the appeal; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the respondents shall serve and file their briefs within 120 days of the date of this decision and order. By order on certification of this Court dated March 5, 2014, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The *Anders* brief (*see Anders v California*, 386 US 738 [1967]) submitted by the mother's counsel is deficient in that counsel failed to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see Matter of Dylan Mc. [Michelle M. Mc.]*, 95 AD3d 1016, 1017 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Since the brief does not demonstrate that assigned counsel fulfilled her obligations under *Anders*, we must assign new counsel to represent the mother (*see Matter of Dylan Mc. [Michelle M. Mc.]*, 95 AD3d at 1017; *Matter of Griffin v Moore-James*, 95 AD3d 1013, 1014 [2012]).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the Family Court improvidently exercised its discretion in denying the mother's request, in effect, for a second adjournment of the dispositional hearing (*see Anders v California*, 386 US 738 [1967]). Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.