■ GARYNN R. CUTRONEO, Respondent, v KENNETH R. CUTRO-
NEO, Appellant. [9 NYS3d 148]—

Appeals from (1) an order of the Supreme Court, Westchester
County (Francis A. Nicolai, J.), dated April 9, 2014, (2) an or-
der of commitment of that court dated April 17, 2014, and (3) a
money judgment of that court entered April 29, 2014. The or-
der dated April 9, 2014, after a hearing, found the husband in
civil contempt of court for failure to pay child support and
maintenance in accordance with the terms of the parties' judg-
ment of divorce and directed that he be incarcerated unless he
purged himself of his contempt. The order of commitment, upon
the order dated April 9, 2014, and the husband's failure to
purge his contempt, directed that he be committed to the
custody of the Westchester County Correctional Facility for a
period of six months unless he purged himself of his contempt.
The money judgment, upon the order dated April 9, 2014,
awarded the wife a sum representing the husband's arrears for
a certain period. The husband's assigned counsel has submit-
ted a brief in accordance with *Anders v California* (386 US 738
[1967]) in which she moves for leave to withdraw as counsel.

Ordered that the motion of Lydia S. Antoncic for leave to
withdraw as counsel for the appellant is granted, and she is
directed to turn over all papers in her possession to new counsel
assigned herein; and it is further,

Ordered that Marc Greenberg, Esq., 45 Knollwood Road,
Suite #502, Elmsford, N.Y., 10523, is assigned as counsel to
perfect the appeals; and it is further,

Ordered that new counsel shall serve and file a brief on
behalf of the appellant within 90 days of the date of this deci-
sion and order on motion and the respondent shall serve and
file her brief within 30 days after the brief on behalf of the ap-
pellant is served and filed. By prior order on certification of
this Court, the appellant was granted leave to prosecute the
appeals as a poor person, with the appeals to be heard on the
original papers (including a certified transcript of the proceed-
ings) and on the briefs of the parties, who were directed to file
nine copies of their respective briefs and to serve one copy on
each other.

The brief submitted by the appellant's counsel pursuant to
*Anders v California* (386 US 738 [1967]) is deficient because
counsel failed to adequately analyze potential appellate issues
or highlight facts in the record that might arguably support

the appeals (see Matter of Liam Q. [Elizabeth P.], 123 AD3d 722 [2014]; Matter of Griffin v Moore-James, 95 AD3d 1013, 1014 [2012]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252 [2011]). Since the brief does not demonstrate that assigned counsel fulfilled her obligation to act "as an active advocate on behalf of [her] client, or that [s]he diligently examined the record" (Matter of Kenneth S. [Bethzaida P.-Kenneth S.], 104 AD3d 951 [2013] [citation and internal quotation marks omitted]), we must assign new counsel to represent the appellant (see Matter of Liam Q. [Elizabeth P.], 123 AD3d at 722; Matter of Dylan Mc. [Michelle M. Mc.], 95 AD3d 1016, 1017 [2012]; Matter of Griffin v Moore-James, 95 AD3d at 1014).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the appellant's failure to pay child support as ordered was willful in light of his claim that he was laid off from his employment, allegedly conducted a diligent search for higher-paying work, and found a new position at a significantly lower salary (see Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798-799 [2014]; Ritchey v Ritchey, 82 AD3d 948, 949 [2011]; Reynolds v Reynolds, 300 AD2d 645, 646 [2002]), and whether the money judgment should have been entered prior to the determination of the appellant's pending motion to modify his child support obligation, which was filed during the period covered by the money judgment and could have retroactively altered his support obligations (see Sinanis v Sinanis, 67 AD3d 773, 774 [2009]). Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.