In the Matter of PETER LaBELLA, Respondent, v MICHELLE MURRAY, Appellant. [14 NYS3d 708]—

Appeal from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered July 30, 2014. The order, after a hearing, awarded the parties joint legal custody of the subject children, with the father having sole physical custody and final decision-making authority concerning the children's health, education, religion, and general welfare. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Evelyn K. Isaac for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Lisa F. Colin, Esq., 44 Church Street, White Plains, N.Y., 10601, is assigned as counsel to perfect the appeal; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondents shall serve and file their briefs within 120 days of the date of this decision and order on motion. By order on certification of this Court dated October 10, 2014, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the mother's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see Matter of Rivera v Arocho*, 112 AD3d 942, 943 [2013]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Since the brief does not demonstrate that assigned

counsel fulfilled her obligations under *Anders v California*, we must assign new counsel to represent the mother (*see Matter of Michelle H. [Filandra C.]*, 119 AD3d 572, 573 [2014]).

Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the Family Court improvidently exercised its discretion in denying the mother's application to appear by telephone at the hearing (*see Anders v California*, 386 US 738 [1967]). Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.